

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00575-CR

CHRISTOPHER XAVIA FRANKLIN                                         APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Christopher Xavia Franklin attempts to appeal from his 2004 conviction for burglary of a habitation.[2] Franklin filed a notice of appeal on November 25, 2013. On December 11, 2013, we sent Franklin a letter informing

---

[1]See Tex. R. App. P. 47.4.

[2]On October 22, 2013, Franklin filed with the trial court a motion seeking the trial court's permission to pursue a second appeal of this case, which the trial court denied for lack of jurisdiction.

him of our concern that we lacked jurisdiction over the appeal because of the untimely-filed notice of appeal and because his conviction has already been affirmed on direct appeal. *See* Tex. R. App. P. 26.2(a); *Franklin v. State*, No. 02-04-00255-CR, 2005 WL 1356452, at *6 (Tex. App.—Fort Worth June 9, 2005, no pet.) (mem. op, not designated for publication). We requested that he or any party desiring to continue the appeal file a response showing grounds for continuing the appeal by December 23, 2013, or the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3. Franklin has filed a response, but it does not show grounds for continuing the appeal.

This court does not have authority to grant an out-of-time appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (reasoning that if an appeal is not timely perfected, a court of appeals has no jurisdiction to address the merits of the appeal and can take no action other than to dismiss it). And to the extent that Franklin is attempting to appeal the trial court's denial of his motion seeking permission to pursue a second appeal, we lack jurisdiction over that attempted appeal. *See* Tex. R. App. P. 26.2(a); Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006). Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Olivo v. State*, 918 S.W.2d 519, 523 (Tex. Crim. App. 1996).

PER CURIAM

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  February 6, 2014